**LAWRENCE C. HERSH**
Attorney at Law
17 Sylvan Street, Suite 102B
Rutherford, NJ  07070
(201) 507-6300
Attorney for Plaintiff

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

―――――――――――――――――――――X
                                                                  :
ACU-VISION THERAPY LLC,             :
                                                                  :
                              Plaintiff,                 :
                                                                  :  Civil Action No.
vs.                                                            :
                                                                  :  **CIVIL ACTION**
ANDY ROSENFARB,                           :
                                                                  :  **COMPLAINT AND JURY DEMAND**
                              Defendant.              :
                                                                  :
―――――――――――――――――――――X

Plaintiff ACU-VISION THERAPY LLC ("Acu-Vision Therapy" or "Plaintiff"), by and through its undersigned counsel, alleges as follows:

## THE PARTIES

1. Plaintiff Acu-Vision Therapy is a New Jersey limited liability company having its principal place of business located in Bergen County, New Jersey.

2. Defendant Andy Rosenfarb ("Rosenfarb") is an individual and resident of New Jersey with a principle place of business located in Westfield, New Jersey.

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction over the claims in this action arising under the Trademark Act of 1946, as amended, relating to trademark

1

infringement, false designations of origin and dilution pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331 and 1338.

4. This Court has supplemental jurisdiction over the claims in this action arising under state statutory law and the common law pursuant to 28 U.S.C. § 1367(a), because such claims are so related to the federal claims that they form part of the same case or controversy and derive from a common nucleus of operative facts.  The Court also has jurisdiction over all claims herein of unfair competition pursuant to 28 U.S.C. § 1338(b).

## GENERAL ALLEGATIONS

5. On or about June 2009, Craig Justin formed Acu-Vision Therapy, LLC, which began using the trademark Acu-Vision Therapy in the treatment of eye conditions through the use of acupuncture.

6. Craig Justin is a Board Certified, New Jersey licensed acupuncturist and has been practicing acupuncture for more than 10 years, with a subspecialty in treating individuals with eye and/or vision problems

7. Plaintiff Acu-Vision Therapy LLC, through its New Jersey licensed acupuncturist Craig Justin, provides acupuncture services in New Jersey to patients in New Jersey and elsewhere.

8. Plaintiff Acu-Vision Therapy LLC uses the ACU-VISION THERAPY word mark to identify its goods and services (the "ACU-VISION THERAPY trademark" or "Trademark").  Plaintiff has been using the Trademark since at least as early as January 15, 2010.  Plaintiff Acu-Vision Therapy LLC is the owner of registration No.

4,841,326 in the United States Patent and Trademark Office for the ACU-VISION THERAPY trademark.  A copy of the registration is attached as Exhibit A.

**Defendant's Infringing and Unfair Competitive Activities**

9. Subsequent to Plaintiff's first use of the ACU-VISION THERAPY Trademark, Defendant began offering eye-related acupuncture services from an office located in Westfield, New Jersey.

10. On about November 2012, Defendant registered the domain name www.acuvisiontherapy.com, and began hosting a website offering and advertising acupuncture services related to treatment of the eye.

## COUNT I

### REGISTERED TRADEMARK INFRINGEMENT
### 15 U.S.C. § 1114(1)

11. Plaintiff repeats and reincorporates herein by reference each of the foregoing allegations.

12. Long after Plaintiff's adoption of the Acu-Vision Therapy Trademark, and even after its federal registration for same, Defendant has continued to offer for sale acupuncture services for the eye in violation of 15 U.S.C. § 1114(1).

13. On information and belief, the activities of Defendant complained of herein constitute willful and intentional infringement of the above-identified registered trademark, are in total disregard of Plaintiff's rights and were commenced and have continued in spite of Defendant's knowledge that the use of such trademark or a copy or a

colorable imitation thereof in the manner described herein was and continues to be in direct contravention of Plaintiff's rights.

14. The use by Defendant of such trademark in the manner described herein has been and continues to be without the consent of Plaintiff, is likely to cause confusion and mistake in the minds of the purchasing public and, in particular, tends to and does falsely create the impression that Defendant's services have been done with the authorization, approval or sponsorship of Plaintiff.

15. Plaintiff has no adequate remedy at law, and is suffering irreparable harm and damage as a result of the acts of Defendant.

## COUNT II

### FALSE DESIGNATION OF ORIGIN
### 15 U.S.C. § 1125(a)

16. Plaintiff repeats and reincorporates herein by reference each of the foregoing allegations.

17. Defendant has affixed, applied, or used in connection with the sale of his goods and/or services, false descriptions and representations, which tend falsely to describe and/or represent that the goods and services offered by Defendant are sponsored by, authorized by or connected with Plaintiff.

18. Upon information and belief, the activities of Defendant complained of herein constitute willful and intentional uses, appropriations and infringements of the ACU-VISION THERAPY Trademark; completely and deliberately disregarding Plaintiff's rights and were commenced and have continued, in spite of Defendant's knowledge that the use of a simulation and/or colorable imitation of these trademarks in

the manner described herein was and is in direct contravention of Plaintiff's rights, all in violation of 15 U.S.C. § 1125(a).

19. Plaintiff has no adequate remedy at law, and is suffering irreparable harm and damage as a result of the acts of Defendant as aforesaid in an amount thus far not determined.

## COUNT III

### COMMON LAW TRADMARK INFRINGEMENT AND UNFAIR COMPETITION

20. Plaintiff repeats and reincorporates herein by reference each of the foregoing allegations.

21. The actions of Defendant described herein constitute common law trademark infringement and unfair competition.

22. Plaintiff has no adequate remedy at law, and is suffering irreparable harm and damage as a result of the acts of Defendant as aforesaid in an amount thus far not determined.

## COUNT IV

### NEW JERSEY CONSUMER FRAUD ACT

23. Plaintiff repeats and reincorporate herein by reference each of the foregoing allegations.

24. The actions of Defendant described herein constitute deceptive trade practices in violation of the New Jersey Consumer Fraud Act, N.J.S.A.. § 56:8-1, *et seq.*

25. Plaintiff has no adequate remedy at law, and is suffering irreparable harm and damage as a result of the acts of Defendant, as aforesaid, in an amount thus far not determined.

## COUNT V

## CYBERSQUATTING
## 15 U.S.C. § 1125(d)

26. Plaintiff repeats and reincorporates herein by reference each of the foregoing allegations.

27. Defendant's registration of the domain name *www.acuvisiontherapy.com* was in bad faith and done for the purpose of benefiting from the ACU-VISION THERAPY Trademark, all in violation of 15 U.S.C. § 1125(d).

28. Plaintiff has no adequate remedy at law, and is suffering irreparable harm and damage as a result of the acts of Defendant.

**WHEREFORE**, Plaintiff prays:

1. That Defendant and his officers, agents, servants, employees and attorneys, and those in active concert or participation with them or any of them, be permanently enjoined and restrained:

   (a) From using in any manner the ACU-VISION Trademark or any colorable imitation thereof;

   (b) From representing, suggesting in any fashion to any third party, or performing any act which may give rise to the belief that Defendant, or any of his goods or services, are authorized or sponsored by Plaintiff;

    (c)   From passing off, inducing or enabling others to sell or pass off any goods or services as products produced or purchased by Plaintiff which are not in fact genuine Plaintiff's goods and/or services, or not produced under the control and supervision of Plaintiff and approved by Plaintiff;

    (d)   From further infringing the ACU-VISION THERAPY Trademark; and

    (e)   From otherwise competing unfairly with Plaintiff in any manner.

2. That Defendant be required to deliver up to Plaintiff for destruction, any and all goods and promotional material in his possession or under their control that include the ACU-VISION THERAPY Trademark.

3. That Defendant be ordered to transfer and assign the domain name *www.acuvisiontherapy.com* to Plaintiff.

4. That Defendant be ordered pursuant to 15 U.S.C. § 1116(a) to file with the Court and serve upon Plaintiff, within thirty (30) days of the entry of the injunction prayed for herein, a written report under oath or affirmed under penalty of perjury setting forth in detail the form and manner in which it has complied with the permanent injunction.

5. That Defendant be required, pursuant to 15 U.S.C. § 1117 to account to Plaintiff for any and all profits derived by them, and for all damages sustained by Plaintiff by reason of Defendant's actions complained of herein, including an award of treble damages as provided for by statute.

6. That Plaintiff be awarded both pre-judgment and post-judgment interest on each and every damage award.

7. That Plaintiff recover from Defendant, Plaintiff's reasonable attorneys' fees, costs and disbursements of this civil action.

8. That Plaintiff have such other and further relief as the Court may deem just and proper.

<u>JURY DEMAND</u>

Plaintiff demands trial by jury as to all issues.

Dated: August 18, 2016

Respectfully submitted,

By: <u>/s/ Lawrence C. Hersh</u>
    Lawrence C. Hersh, Esq.
    17 Sylvan Street, Suite 102B
    Rutherford, NJ  07070
    (201) 507-6300

Attorney for Plaintiff

**<u>CERTIFICATION PURSUANT TO LOCAL RULE 11.2</u>**

I, Lawrence C. Hersh, the undersigned attorney of record for Plaintiff, do hereby certify to my own knowledge and based upon information available to me at my office, the matter in controversy is not the subject of any other action now pending in any court or in any arbitration or administrative proceeding.

Dated: August 18, 2016        By: <u>s/ Lawrence C. Hersh     </u>
                                                  Lawrence C. Hersh, Esq